UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERNESTO KARAM GARCIA, MIGUEL ANGEL LEYVA URQUIA, SALVADOR RIO DE LA LOZA POSTIGO, COMERCIALIZADORA Y CONSTRUCTORA MIGSAL, S.A. DE C.V., ECON DESARROLLADOR INMOBILIARIO, S.A. DE C.V., and DESARROLLADORA DE ILUSIONES, S.A. DE C.V., <br><br>Plaintiffs, <br><br>vs. <br><br>LION MEXICO CONSOLIDATED, L.P., CLARION PARTNERS, LLC, JAMES CHRISTIAN HENDRICKS, RONALD SCOTT BROWN, and ONAY SAFIYA PATRICE PAYNE, <br><br>Defendants. | No. 5:15–CV–1116–DAE |

ORDER: (1) GRANTING MOTION TO DISMISS FIRST AMENDED
COMPLAINT; (2) GRANTING MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT

Before the Court is a Motion to Dismiss the First Amended Complaint (Dkt. # 21), filed by Defendants Lion Mexico Consolidated, L.P. ("Lion"), Clarion Partners, LLC ("Clarion"), James Christian Hendricks, Ronald Scott Brown, and Onay Safiya Patrice Payne (collectively, "Defendants"). Before the Court is also a Motion for Leave to File a Second Amended Complaint, filed by Ernesto Karam

1

Garcia, Miguel Angel Leyva Urquia, Salvador Rio de la Loza Postigo, Commercalizadora y Constructadora Misgal, S.A. de C.V. ("Misgal"), Econ Desarrollador Inmobiliario, S.A. de C.V. ("Econ"), and Desarrolladora de Ilusiones, S.A. de C.V. ("Ilusiones") (collectively, "Plaintiffs") (collectively, "Plaintiffs").  The Court held a hearing on the Motions on October 20, 2016.  Jaime Pena, Esq., and James A. Gleason, Esq., appeared on behalf Plaintiffs.  Richard T. Marooney, Esq., and William Robert Burns, Esq., appeared on behalf of Defendants.

For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend (Dkt. # 21) and  thus **GRANTS** Plaintiffs' Motion to File a Second Amended Complaint (Dkt. # 30).  The Court also **VACATES IN PART** its July 28, 2016 order, as explained below (Dkt. # 28).

## BACKGROUND

Plaintiffs Garcia, Urquia, and Postigo (the "Palmetto Investors") are individuals and citizens of Mexico, each of whom resides in the United States.  ("Am. Compl.," Dkt. # 14 ¶¶ 24–26, 88–89).  Plaintiffs Misgal, Econ, and Ilusiones are Mexican corporations located in Mexico City, Mexico.  (Id. ¶¶ 27–29.)  The Palmetto investors created Econ to develop the "Punta Mar" real estate project in Acapulco, Mexico.  (Id. ¶¶ 56–7.)  Misgal and Ilusiones were created to serve as beneficiaries to the land trust for Punta Mar.  (Id. ¶¶ 90–91.)

On December 14, 2015, Plaintiffs filed suit against Clarion, a real estate investment management firm, and Lion, a Clarion investment vehicle dedicated to real estate opportunities located in Mexico; each maintains a place of business in Dallas, Texas.  (Id. ¶¶ 30–33, 41–57.)  Plaintiffs also named as defendants Hendricks and Payne, who are equity owners and leaders of Clarion, and Brown, a Clarion employee allegedly intimately involved with the actions of Clarion and Lion.  (Id. ¶¶ 34–36; 58–87.)  Plaintiffs filed their First Amended Complaint, currently the live complaint in this action, on May 3, 2016.  (Id.)

Plaintiffs' First Amended Complaint alleges, in short, that Defendants acquired control of MIFEL, the Mexican operating trust responsible for development of the Punta Mar Project, and consequently the Punta Mar development, by means of bribery, extortion, obstruction of justice, and mail and wire fraud.  (Am. Compl. ¶¶ 182–91.)  The Amended Complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., conduct of affairs in violation of 18 U.S.C. § 1962(c), conspiracy to violate RICO, fraud, tortious interference with contracts, malicious prosecution, unjust enrichment and conversion, and civil conspiracy in violation of Texas law.  (Am. Compl. ¶¶ 192–259.)

Before the filing of the First Amended Complaint, the Supreme Court had taken under consideration the case RJR Nabisco, Inc. v. European Community,

which addressed the extraterritorial application of RICO's private right of action, and considered whether certain predicate acts could apply extraterritorially. 136 S. Ct. 2080 (2016). This Court granted Defendants an extension of time to file a motion to dismiss the Amended Complaint, pending the Supreme Court's decision in <u>RJR Nabisco</u>. (Dkt. # 17, text order.) The Court subsequently granted Defendants' Motion to stay discovery and to stay the entry of a scheduling order pending the outcome of the Defendants' Motion to Dismiss. (Dkt. # 28.) The Court did so in part due to concerns about the potential for discovery abuse under the broad-reaching Amended Complaint. (<u>Id.</u> at 8.)

Defendants filed a Motion to Dismiss the Amended Complaint on July 11, 2016. (Dkt. # 21.) On August 29, 2016, Plaintiffs filed a Motion to File a Second Amended Complaint (Dkt. # 30). Their Response to Defendants' Motion to Dismiss defers to their Motion to Amend. (<u>Compare</u> Dkt. # 31 <u>with</u> Dkt. # 30.) Defendants filed a Response to Plaintiffs' Motion to Amend their Complaint (Dkt. # 33), and Plaintiffs filed a Reply (Dkt. # 34). On October 17, 2016, without leave of Court, the Plaintiffs filed a Supplemental Memorandum in Response to Defendants' Motion to Dismiss. (Dkt. # 36.)

## DISCUSSION

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed.

R. Civ. P. 15(a)(2).  The Rule directs the court to "freely give leave when justice so requires."  Id.  "The policy of the Federal Rules is to permit liberal amendment."  Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)); Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282 (5th Cir. 2002).  Despite the policy of liberal amendment, the "decision to grant [or deny] leave is within the discretion of the trial court," and the trial court should deny leave where it can articulate "a substantial reason" for doing so.  Matter of Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996).  Accordingly, when determining whether to grant leave to amend pleadings, a court should deny leave if there exist "such factors as undue delay . . . undue prejudice to the opposing party, and futility of amendment."  Id.

## ANALYSIS

Plaintiffs argue that the Court should grant them leave to file a Second Amended Complaint, because there has been a significant intervening change in the law since their First Amended Complaint was filed.  (Dkt. # 30 at 5.)  Defendants argue that Plaintiffs' Motion to Amend should be denied, because the proposed Second Amended Complaint is futile, offered in bad faith, and would unduly prejudice the Defendants.  (Dkt. # 33 at 4.)

5

I.      Whether Granting Leave to Amend would be Futile

Prior to RJR Nabisco, it was unclear whether RICO provided a private right of action to plaintiffs alleging an extraterritorial injury, where either the predicate acts of racketeering or the injury itself occurred extraterritorially. RJR Nabisco considered whether RICO's substantive provisions apply to conduct occurring in foreign countries, and considered whether RICO grants a private right of action to individuals who suffer RICO injuries in foreign countries. See RJR Nabisco, 136 S. Ct. at 2099–2011; 18 U.S.C. §§ 1962, 1964(c).

RJR Nabisco determined that "a pattern of racketeering activity may include or consist of offenses committed abroad in violation of a predicate statute for which the presumption against extraterritoriality has been overcome," and sets forth guidelines for determining whether specific RICO predicates alleged by a plaintiff have extraterritorial application. RJR Nabisco, 136 S. Ct. at 2102. Accordingly, "[a] violation of § 1962 may be based on a pattern of racketeering that includes predicate offenses committed abroad, provided that each of those offenses violates a predicate statute that is itself extraterritorial." Id. at 2103. On the other hand, the Supreme Court concluded that "[i]rrespective of any extraterritorial application of § 1962 . . . § 1964(c) does not overcome the presumption against extraterritoriality. A private RICO plaintiff therefore must allege and prove a domestic injury to its business or property." Id. at 2106

6

(emphasis in original).  In sum, a private plaintiff may allege extraterritorial predicate RICO acts, so long as the underlying statutes are meant to apply extraterritorially.  However, a private plaintiff must allege a domestic injury caused by these acts in order to state a cause of action under RICO.  Id.

It is without question that the RICO claims alleged in the First Amended Complaint, importantly filed before the Supreme Court's decision in RJR Nabisco, should be dismissed pursuant to the Defendants' Motion to Dismiss. (Dkt. # 21.)  In order for a private plaintiff to sue under RICO, it must establish "standing to sue under 1964(c)," Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998), which grants standing to a person "injured in his business or property by reason of [the alleged RICO violation]."  18 U.S.C. § 1964(c).

The RICO injuries alleged by Plaintiffs in the First Amended complaint are entirely extraterritorial; Plaintiffs list the following injuries in their First Amended Complaint:

> [P]ast and continuing loss of Plaintiffs' property, business profits and business equity interest in Punta Mar . . . damage to Plaintiffs' reputation and goodwill and related exposure to lawsuits and claims . . . the impairment of Plaintiffs' interest in executed contracts and agreements representing their interest in MIFEL; the taking of Plaintiffs' trademark "Punta Mar"; the [wrongful acquisition] of property from MIFEL to [Defendants]; and attorney's fees and costs to defend themselves against . . . criminal charges in Mexico and in related immigration proceedings in the U.S. including the . . . costs associated with this proceeding.

(Am. Compl. ¶ 203.) With the exception of the injuries related to the immigration proceedings, the injuries alleged in the First Amended Complaint relate exclusively to damages and losses that occurred extraterritorially, in Mexico.[1] Accordingly, while these claims may have potentially survived prior to the Supreme Court's decision in RJR Nabisco, it is now clear that Plaintiffs do not have standing to bring RICO claims for extraterritorial injuries under 18 U.S.C. § 1964(c). These claims are therefore **DISMISSED WITH PREJUDICE**.

Conversely, the proposed Second Amended Complaint attempts to remedy the issue of extraterritorial injuries, alleging that the individual Palmetto investors suffered the following domestic injuries as a result of Defendants' conduct: (1) Urquia lost his fifty-percent ownership interest in Gapa USA, Inc., a wholesale food business with offices in Texas and California ("Prop. 2d Am. Compl.," Dkt. # 30, Ex. A ¶¶ 98–99); (2) Garcia lost an investment and property interest in CYE Corporation, a restaurant venture in San Antonio, Texas, as well as a 50 percent equity interest in KARR Auto Sales (id. ¶¶ 100–103); and (3) Postigo

---

[1] "To prevail in a RICO suit, a plaintiff must demonstrate an injury to business or property." Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 422 (5th Cir. 2001); Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property."). The immigration proceedings in the United States are personal injuries, and cannot be asserted under RICO. See Bradley v. Phillips Chem. Co., 337 625, 646–47 (S.D. Tex. 2007) (finding that economic consequences of personal injuries do not qualify as 'injury to business or property'" sufficient to convey standing under RICO).

lost a fifty-percent equity interest in Tequila Don Ramon, EC, LLC, a tequila distribution limited liability company headquartered in Miami, Florida (id. ¶¶ 104–105).

Defendants argue that the domestic harms alleged are not linked to the predicate acts set forth in the Second Proposed Amended Complaint, that the crux of Plaintiffs' claimed injuries remains in Mexico, and that Plaintiffs' attempt to include domestic injury is insufficient to convey standing under 18 U.S.C. § 1964(c).  (Dkt. # 33 at 5–7.)  While Defendants' argument may ultimately prevail, Plaintiffs should be afforded the opportunity to fully brief this issue at either the Motion to Dismiss or Motion for Summary Judgment stage.  Given the intervening change in law, permitting the Plaintiffs leave to amend is not futile; the Court cannot "articulate 'a substantial reason'" for denying leave to amend on this basis.  See Matter of Southmark Corp., 88 F.3d at 314–15.

II.     Whether Plaintiffs Seek to Amend in Bad Faith

Defendants argue that Plaintiffs' Motion to Amend is made in bad faith, because the complaint resurrects certain claims that were included in the original complaint but not in the first amended complaint, and omits facts contained in the amended complaint.  (Dkt. # 33 at 7–8.)  Notably, the First Amended Complaint was over seventy pages long, and the proposed second amended complaint is approximately forty pages.  This does not appear to indicate

9

bad faith, and instead appears to be at least an attempt to narrow the issues before the Court. Nonetheless, a further attempt to amend may well be seen by the Court as being indicative of bad faith, as the parties have now been engaged in this lawsuit for nearly a year. As explained in the hearing, Plaintiffs may only file a third amended complaint if they do so within thirty (30) days of the date of this order, and if the third amended complaint narrows the issues currently presented in the Second Amended Complaint.

III.    <u>Whether Defendants will be Unduly Prejudiced</u>

Defendants claim they will be unduly prejudiced if the Court grants Plaintiffs leave to amend, because Defendants are suffering from the stigma of RICO allegations, and because Plaintiffs should have pled domestic injuries in their initial complaint knowing it was likely the Supreme Court would interpret the extraterritorial nature of RICO in the manner that it did. (Dkt. # 33 at 9–10.) These arguments are unavailing.

The Court additionally notes that it stayed entry of a scheduling order and discovery in the case, pursuant to Defendants' motion. (Dkt. # 28). The Defendants have not engaged in extensive motions practice aside from filing the motions to dismiss. Further, Plaintiffs' claims for fraud (Am. Compl. ¶¶ 231–238; Prop. 2d Compl. ¶¶ 137–143); tortious interference with contract (Am. Compl. ¶¶ 239–244; Prop. 2d Compl. ¶¶ 144–148); unjust enrichment and/or conversion

(Am. Compl. ¶¶ 250–253; Prop. 2d Compl. ¶¶ 149–152); and civil conspiracy (Am. Compl. ¶¶ 254–259; Prop. 2d Compl. ¶¶ 153–157) remain largely unchanged from the First Amended Complaint, and Defendants will not be required to expend significant additional work moving to dismiss these claims, should they choose to do so.  The Proposed Second Amended Complaint abandons the malicious prosecution claim contained in the First Amended Complaint (Am. Compl. ¶¶ 245–249).

Finally, to minimize any prejudice to Defendants, the Court **VACATES IN PART** the previously imposed discovery stay (Dkt. # 28).  The parties are permitted to engage in limited discovery related to the core issues of the case; such discovery will be overseen by United States Magistrate Judge John W. Primomo.  The stay regarding entry of a scheduling order is **VACATED** to facilitate the timely disposition of this case, and the parties are ordered to file joint scheduling recommendations to the Court within seven days of the issuance of this order.  (Dkt. # 28.)  This will balance the possible harm Defendants may face, should Plaintiffs' claims ultimately be unfounded, with Plaintiffs' right to access information pertinent to the issues at the heart of the suit.

Accordingly, the Court finds that the Defendants will not be unduly prejudiced if the Plaintiffs are granted leave to amend, and that the factors weigh in favor of amendment.  Defendants' Motion to Dismiss the First Amended

Complaint is **GRANTED** (Dkt. # 21).  Plaintiff's RICO claims, insofar as they predicate standing on extraterritorial RICO injuries, are **DISMISSED WITH PREJUDICE**.  All other claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiffs' Motion for Leave to File a Second Amended Complaint is **GRANTED** (Dkt. # 30).  Plaintiffs will not be granted leave to file a third amended complaint, unless they choose to do so within thirty days of the date of this order.  Importantly, this Third Amended Complaint may only narrow the facts and claims in the Second Amended Complaint, and may not add any additional facts or claims.  Should the Plaintiffs choose to file a third amended complaint within these parameters, they need not seek leave of Court prior to filing, and the third amended complaint will supersede the Second Amended Complaint.  In either case, Defendants' deadline to file an answer will be forty days from the date of this order, to account for the time in which Plaintiffs may file a third amended complaint.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** (Dkt. # 21), and Plaintiffs' Motion for Leave to File a Second Amended Complaint is **GRANTED** (Dkt. # 30).

This Court's July 29, 2016 order staying discovery pending a decision on the Motion to Dismiss is **VACATED IN PART**, and limited discovery related

to the core issues in the case is permitted to proceed (Dkt. # 28). The same order is **VACATED** insofar as it stayed the entry of a scheduling order, and the Court **ORDERS** the Parties to submit joint scheduling recommendations within seven days of the date of this order (Dkt. # 28).

**IT IS SO ORDERED.**

DATED: San Antonio, Texas, October 21, 2016.

_____
David Alan Ezra
Senior United States Distict Judge